UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JULIUS SHELTON,<br>　　　Plaintiff,<br><br>　v.<br><br>JALEN MORRIS,<br>ROBERT RADZIWIEKI,<br>ADAM GARCIA, and<br>TIMOTHY LEIMBACH,<br>　　　Defendants. | )<br>)<br>)<br>)  CAUSE NO.: 2:23-CV-77-JVB-APR<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Julius Shelton, a prisoner without a lawyer, was granted leave to proceed on several claims stemming from a traffic stop that occurred on April 7, 2021. ECF 7. He has since filed an amended complaint that must now be screened pursuant to 28 U.S.C. § 1915A to determine if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Shelton was previously granted leave to proceed on four claims: (1) "against Officer Jalen Morris in his individual capacity for compensatory and punitive damages for initiating a traffic stop without reasonable suspicion on April 7, 2021, in violation of the Fourth Amendment;" (2) "against Officer Jalen Morris in his individual capacity for compensatory and punitive damages for using excessive force when his dog bit Shelton even though he did not pose a threat on April 7, 2021, in violation of the Fourth Amendment;" (3) "against Sergeant Timothy Leimbach in his individual capacity for compensatory and punitive damages for using pepper

spray against him twice on April 7, 2021, even though he did not pose a threat, in violation of the Fourth Amendment;" and (4) "against Officer Robert Radziwiecki and Officer Adam Garcia in their individual capacities for compensatory and punitive damages for failing to intervene in the alleged uses of excessive force on April 7, 2021, in violation of the Fourth Amendment[.]" ECF 7 at 6-7. The allegations supporting those claims have not changed, so the Court adopts the facts in the prior screening order (ECF 7) and discusses only the additional allegations here.

First, Shelton wishes to add a failure-to-intervene claim against Officer Morris because he was also present and did not intervene when Officer Leimbach allegedly used excessive force against him. ECF 11 at 3-4. He also wishes to add a failure-to-intervene claim against Officer Leimbach, because he was present and did not intervene when Officer Morris allegedly used excessive force against him. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Shelton has plausibly alleged a basis to hold these officers liable for failure to intervene.

Next, he seeks to hold Officer Philip Fabien and Officer Morris liable for falsifying reports about the traffic stop. He alleges that Officer Fabien questioned him in his hospital room, where he was being treated for the injuries he suffered during the traffic stop. ECF 11 at 5. He says he was on pain medication at the time, Officer Fabien never read him his Miranda rights, and the officer continued to question him after he said he did not want to talk or sign any forms. Then, Shelton continues, Officer Fabien put false facts in the report, specifically that he was speeding, that he told the officer that he knew he was speeding and to just give him the ticket, that there was an odor of alcoholic beverages emitting from him or his car, that there was an

2

open bottle of alcohol in plain view, that the officers asked him to exit so that a field sobriety test could be conducted, that he grabbed the steering wheel and actively resisted the officer, that he kicked and punched at the officers, and that he kicked a K-9. He alleges that both Officer Morris and Officer Fabien made these false statements to cover up the unlawful stop. He alleges this falsified report led to federal charges against him.

The allegedly falsified police report does not support a constitutional claim under these circumstances. First, Shelton may not proceed based on Officer Fabien's failure to provide *Miranda* warnings before questioning him because police officers cannot be sued under 42 U.S.C. §1983 for not giving *Miranda* warnings. *See Vega v. Tekoh*, — U.S. —, 142 S. Ct. 2095, 2106-07 (2022); *see also Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987) ("No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Right Act § 1983." (brackets omitted) (quoting *Bennett v. Passic*, 545 F.2d 1260, 1263 (10th Cir. 1976)).

Next, because Shelton complains that this police report led to the federal charges against him, the court considers whether the complaint states a claim for malicious prosecution. Federal claims for malicious prosecution brought pursuant to 42 U.S.C. § 1983 have been recognized as arising under the Fourth Amendment. *See Thompson v. Clark*, — U.S. —, 142 S. Ct. 1332, 1337 (2022). Such claims require that the prosecution was instituted without probable cause, that the motive in bringing the charge(s) was "malicious," and that the prosecution terminated in favor of the accused. *Id.* at 1338.

Here, Shelton was indicted on two counts of being a felon in possession of a firearm, one possession occurring on October 14, 2020, and the other occurring on April 7, 2021, (the day at issue in this lawsuit). *See United States v. Shelton*, No. 2:21-CR-79-JTM-APR (N.D. Ind.

3

decided Aug. 2, 2023). He pleaded guilty to the October 14, 2020, count. *Id.* at ECF 75. The second count was dismissed, but he specifically admitted in his sentencing memorandum that he possessed a firearm on April 7, 2021.[1] *See id.* at ECF 71 at p. 2 ("Mr. Shelton does not dispute that he possessed a firearm on April 7, 2021 . . ..."). Thus, there was probable cause for the April 2021 charge, foreclosing a malicious prosecution claim.

The fact that Shelton alleges the evidence about the firearm was illegally obtained does not require a different result. "[T]he exclusionary rule does not apply in a § 1983 suit against police officers." *Martin v. Marinez*, 934 F.3d 594, 599 (7th Cir. 2019). This means that even if the evidence that provided probable cause for a criminal charge was the fruit of an illegal search, that evidence can still be used in a § 1983 action to establish that there was, in fact, probable cause for the charges. *See Vaughn v. Chapman*, 662 F. App'x 464, 467 (7th Cir. 2016). The circumstances surrounding the traffic stop have no bearing on whether there was probable cause to believe he possessed a firearm. *See Leaver v. Shortess*, 844 F.3d 665, 669 (7th Cir. 2016) ("The key question here is whether the omitted [or false] details were indeed material to the probable-cause determination, a question we approach by asking whether a hypothetical affidavit that included the omitted [and truthful] material would still establish probable cause.") (quotation marks omitted).

Finally, Shelton seeks to hold the City of East Chicago and East Chicago Chief of Police Jose Rivera liable for the actions of the police officers on the scene based on a *Monell* theory of liability. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "A

---

[1] There is not enough information about the sentencing hearing to determine whether *Heck v. Humphrey*, would apply here because it is not clear to what extent the April 2021 firearm possession formed the basis of his sentence. 512 U.S. 477 (1994) (barring a § 1983 plaintiff from pursuing a claim that would "render a conviction or sentence invalid" unless that conviction or sentence has been overturned or otherwise invalidated). Regardless, the Court concludes that the doctrine of judicial estoppel prevents Shelton from denying that he possessed the firearm in this proceeding after admitting it at sentencing in his criminal case. *See New Hampshire v. Maine*, 532 U.S. 742, 749-51 (2001).

municipal entity can be liable under section 1983 for constitutional violations only if those violations were brought about by: (1) an express policy; (2) a widespread, though unwritten, custom or practice; or (3) a decision by an agent with final policymaking authority." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 829 (7th Cir. 2022) (footnote omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021).

In the prior screening order, the Court did not allow this claim to proceed because the allegations did not plausibly allege that Shelton's injury was caused by an unconstitutional policy or custom. Instead, he focused only on his own interaction with the police, without providing any facts that suggested the behavior extended beyond his own situation. ECF 7 at 5-6. In the amended complaint, Shelton has provided several theories of potential unconstitutional policies or practices, but he does not provide a factual basis to support that those practices extended beyond his individual case to be widespread. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The City of East Chicago and Chief Rivera will be dismissed.

For these reasons, the Court:

(1) **LIFTS** the stay;

5

(2) **GRANTS** Julius Shelton leave to proceed against Officer Jalen Morris in his individual capacity for compensatory and punitive damages for initiating a traffic stop without reasonable suspicion on April 7, 2021, in violation of the Fourth Amendment;

(3) **GRANTS** Julius Shelton leave to proceed against Officer Jalen Morris in his individual capacity for compensatory and punitive damages for using excessive force when his dog bit Shelton even though he did not pose a threat on April 7, 2021, in violation of the Fourth Amendment;

(4) **GRANTS** Julius Shelton leave to proceed against Sergeant Timothy Leimbach in his individual capacity for compensatory and punitive damages for using pepper spray against him twice on April 7, 2021, even though he did not pose a threat, in violation of the Fourth Amendment;

(5) **GRANTS** Julius Shelton leave to proceed against Officer Robert Radziwiecki, Officer Adam Garcia, and Sergeant Timothy Leimbach in their individual capacities for compensatory and punitive damages for failing to intervene in the alleged use of excessive force committed by Officer Jalen Morris on April 7, 2021, in violation of the Fourth Amendment;

(6) **GRANTS** Julius Shelton leave to proceed against Officer Robert Radziwiecki, Officer Adam Garcia, and Officer Jalen Morris in their individual capacities for compensatory and punitive damages for failing to intervene in the alleged use of excessive force committed by Sergeant Timothy Leimbach on April 7, 2021, in violation of the Fourth Amendment;

(7) **DISMISSES** all other claims;

(8) **DISMISSES** the City of East Chicago, Jose Rivera, and Philip Fabien;

(9) **DIRECTS** the Clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve

process on) Jalen Morris, Robert Radziwieki, Timothy Leimbach, and Adam Garcia, at the East Chicago Police Department, with a copy of this order and the complaint (ECF 11);

(10) **ORDERS** the East Chicago Police Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(11) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Jalen Morris, Robert Radziwieki, Timothy Leimbach, and Adam Garcia, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 15, 2023.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT